**Joe H. ADKINS, Plaintiff/Appellee,**

v.

**CONSOLIDATED COAL COMPANY and Sue Ann Head, Director of the Division of Workers' Compensation Claims, Tennessee Department of Labor, Second Injury Fund, Defendants/Appellants.**

Supreme Court of Tennessee,
Special Workers' Compensation Appeals
Panel, at Knoxville.

Feb. 17, 1995.

Thomas M. Cole, Ann Widseth, Knoxville, for appellant: Consolidated Coal Co.

Charles W. Burson, Atty. Gen. and Reporter, Dianne Stamey Dycus, Sr. Counsel, Nashville, for appellant: Second Injury Fund.

David H. Dunaway, Lafollette, for appellee.

*Members of Panel:* CHARLES H. O'BRIEN, Chief Justice, JOHN K. BYERS and WILLIAM H. INMAN, Senior Judges.

### *MEMORANDUM OPINION*

BYERS, Senior Judge.

This workers' compensation appeal has been referred to the Special Workers' Com-

pensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

The trial judge found the plaintiff is 100 percent totally and permanently disabled from coal miner's pneumoconiosis and other pulmonary obstructive lung disease as a result of exposure to coal dust, etc., while working in coal mines.

The trial judge found the defendant was liable for payment of 50 percent of the award and the Second Injury Fund was liable for 50 percent of the award.

Consolidated Coal Company dismissed their appeal and is no longer a party in this appeal. The Second Injury Fund, who is the sole appellant, does not contest the issue of the percentage and permanency of the plaintiff's disability. The Fund insists, however, that the record does not show the Fund is liable for any portion of the award.

We agree with the position taken by the Second Injury Fund, and we reverse the judgment of the trial court on that portion of the judgment ordering the Fund to pay 50 percent of the award.

The trial judge based his opinion solely upon the testimony of Dr. Glenn R. Baker, Jr. For the purpose of the issue in this case, we see no reason not to accept Dr. Baker's testimony as being credible. We find, however, that Dr. Baker's testimony does not create liability upon the Second Injury Fund in fact or by application of the law to the facts.

Dr. Baker testified the plaintiff suffered injury and/or disease described in his testimony as:

A. I think he has Category 1, coal worker's pneumoconiosis on the basis of the 1980 ILO classification, he has a moderate obstructive and mild restrictive ventilatory defect, he has chronic bronchitis, he has normal arterial blood gases, and has evidence of bronchospasm with a diffuse inspiratory and expiratory wheezes present on physical examination.

Tenn.Code Ann. § 50–6–301(6)—"Occupational diseases defined", defines diseases of the heart, lung and hypertension arising out of and in the course of any type of employment to be an occupational disease.

In *Huddleston v. P & L Coal Co.,* 587 S.W.2d 377 (Tenn.1979), the Supreme Court held that in cases of occupational disease, the last employer shall be totally liable for all the disability resulting from the occupational disease, and in *Moore v. Old Republic Insurance Co.,* 512 S.W.2d 564 (Tenn.1974), the court recognized that the Second Injury Fund is not liable for benefits due an employee by reason of the employee's having pneumoconiosis.

The trial court held and the plaintiff insists the decision of the Supreme Court in *Bazner v. American States Insurance Co.,* 820 S.W.2d 742 (Tenn.1991), altered the case holdings and the applicable statute, Tenn. Code Ann. § 50–6–304, which provides the last employer is liable for all of the disability for occupational disease. The liability of the Second Injury Fund was not at issue in the *Bazner* case and we find no suggestion that there would be any different rule applied in cases such as the one before us because of the reasoning in *Bazner.*

Beyond what we have said, the evidence in the case, as given by Dr. Baker, as to whether the plaintiff suffered disability prior to entering work with Consolidated Coal Company, is speculative at best. Dr. Baker testified he could not make such determination from the medical records of the plaintiff, which were compiled in 1969 prior to his employment with Consolidated Coal Company.

We reverse the judgment of the trial court which ordered the Second Injury Fund to pay 50 percent of the award.

The case is remanded to the trial court for entry of any orders that are necessary. The costs of the appeal are taxed to the plaintiff.

O'BRIEN, C.J., and INMAN, Senior Judge, concur.